AQUEDUCT AND SEWER AUTHORITY, Plaintiff and Appellee, *v.* ISMAEL REYES JIMÉNEZ and FÉLIX A. LEÓN, Defendants and Appellant the former.

No. 11116. Argued April 1, 1954.—Decided August 3, 1954.

*Otero Suro & Otero Suro* for appellant.  *Manuel A. Bustelo* and
  *Augusto Palmer* for appellee.  *Miranda Esteves & Martínez
  Álvarez, Jr.,* attorneys for Mr. Félix A. León.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

The Aqueduct and Sewer Authority filed an action of interpleader in the Bayamón Part of the Superior Court, alleging that on February 18, 1947, codefendant Ismael Reyes Jiménez entered into a contract with the Authority for the construction of the sewerage system of Cabo Rojo, and that Reyes Jiménez had performed part of the construction work; that thereafter, by agreement between both defendants, codefendant Félix A. León proceeded with and completed the sewer work; that by virtue of the original contract executed by Reyes Jiménez and the Authority, the latter withheld the sum of $5,635.76 after the work was accepted, which amount is pending payment, inasmuch as under the original contract, which is in full force, the Authority had power to withhold that amount upon completion of the work until such time as the contractor should present a sworn statement setting forth that the debts and claims arising therefrom had been satisfied; that in an action between the two codefendants brought in the Bayamón Part (Civil No. R–4707), that court rendered judgment holding that any profits realized on the contract made by Reyes Jiménez and the Authority with respect to such works belonged to Félix A. León, and that the latter became liable for the debts and obligations, if any existent, incurred by reason of the construction of the sewer in question; that on

the authority of that judgment, León has requested from the Authority payment of the amount in dispute, but that Reyes Jiménez has submitted a sworn statement to the Authority claiming that certain debts have been incurred by reason of the construction of the sewer, which were satisfied by him as agreed upon by him and León, and that those debts, according to that statement, should be paid to Reyes Jiménez out of the sum withheld by the Authority. The Authority states that, for the purpose of resolving the controversy between Reyes Jiménez and León as to that sum of money, the Authority deposits such sum in the Bayamón Court, in order that the court may determine the matter.

Codefendant Reyes Jiménez answered the complaint filed by the Authority accepting the essential averments thereof, but alleging that León has no right to demand delivery of the sum in question because León owes him a certain sum of money by reason of the construction of the sewer, the payment of which debt has been decided by judgment entered in case No. R–4707. Reyes Jiménez next alleges that, following the judgment entered in that case, he filed in the Court of Bayamón an action against Félix A. León, civil case No. CS–53–225, claiming the sums due him by the latter for the construction, among other works, of the sewer of Cabo Rojo, "which action may be joined with the action at bar so that all claims which the codefendants have between themselves may be settled at one time."

Codefendant Félix A. León moved for dismissal of the complaint filed by the Authority, alleging that "it does not state facts sufficient to constitute a cause of action," since the complaint shows on its face the terms of the judgment entered in case No. R–4707, by virtue of which León has the right to demand delivery of the amount so deposited, wherefore he prayed for delivery of such sum. Reyes Jiménez filed opposition to the motion for dismissal, alleging that, although by virtue of the judgment previously entered,

León is the owner of the funds in possession of the Authority, "the fact is that codefendant Reyes Jiménez is claiming from plaintiff the whole or a part of the sum deposited in this case, on the authority of the judgment entered in civil case No. R–4707, that codefendant Félix A. León is obligated to pay the debts incurred in connection with the sewer project of Cabo Rojo, and defendant herein has a legitimate claim against the said Félix A. León by reason of such works, which are set forth in civil case No. CS–53–225 of this court"; that the sum on deposit is the result of the 10 per cent of the Cabo Rojo project which was withheld to answer for any debts incurred thereunder and which might be outstanding upon completion of the project; that in civil case CS–53–225 "the claim against Félix A. León is $5,374.32, of which $4,374.32 represents debts paid or payable by the appearing party and for which Félix A. León is liable pursuant to the judgment in case R–4707 of this court," and that the amount deposited in court should be applied to the payment of such debts.

A hearing was held on the motion made by León "for dismissal and delivery of amount." After hearing the arguments of codefendants and without evidence of any kind having been presented, the lower court entered an order in open court which reads as follows:

"In view of the pronouncement made in the judgment entered by this Court in civil case R–4707, which is final and unappealable, and considering that in compliance with that judgment the Aqueduct and Sewer Authority deposited in the office of the clerk of this court the money involved in that litigation, it is hereby ordered that the same be delivered to Félix A. León, who is the owner of the money."

That order put an end to the litigation in the instant case and should therefore be regarded as a judgment. Reyes Jiménez has appealed to this Court alleging specifically that the Bayamón Court decided the case without giving him a day in court and an opportunity to present

evidence to prove that León owed him the sum on deposit, to answer for certain debts which were incurred in the construction of the Cabo Rojo sewer. .

The judgment entered by the Bayamón Court in the previous civil case, No. R–4707, has not been sent up to this Court. However, both parties admit that such judgment provides that any profit realized on the Cabo Rojo sewer contract accrues to Félix A. León; that the amount of money on deposit is León's exclusive property, but that León is liable for the debts and obligations, if any exist, arising from such project. The Bayamón Court considered that its previous judgment is conclusive and constitutes res judicata as between both parties with respect to the pronouncement that León is the owner of the sum deposited in court. Nevertheless, that judgment is also conclusive with respect to the pronouncement that León is liable for the debts and obligations incurred under the Cabo Rojo sewer construction contract. Reyes Jiménez at this time alleges that León is liable to Reyes himself for certain debts incurred under that contract, and that such debts must be paid to Reyes Jiménez out of the fund deposited in court. The judgment rendered in the previous case cannot be considered as res judicata with respect to the new and specific controversy which has arisen in the instant case involving concrete and specific debts. The judgment contains a general pronouncement as to León's obligation to pay the debts incurred under the contract. Reyes Jiménez appears in this litigation, not as a contractor claiming rights under the contract (in which capacity he is bound by the judgment), but as León's creditor. The Bayamón Court should have given appellant an opportunity to establish the existence of his claim, assuming that his allegations are correct. The averments of the parties posed a controversy on the question of whether León owes certain sums to Reyes Jiménez. That controversy should not be decided without weighing the evidence which both parties may produce at a proper trial.

It might be argued that by virtue of the previous judgment León is the exclusive owner of the fund deposited in court, and that he therefore has the right to demand delivery of the whole sum which is his property, allowing Reyes Jiménez to make his claim as creditor if he has any, in some other proceeding, since it has not been proved specifically that Reyes Jiménez has any legally constituted lien on the fund in question. We must bear in mind, however, that the sum deposited was specifically set aside by the Authority to answer for any existing debts. That was the special purpose for which the fund was reserved, and that must also be the function of the same fund, now on deposit in court, at least with respect to Reyes Jiménez' claim. In any event, in order to avoid multiplicity of suits and to secure to both parties adequate guarantees, the most appropriate thing to do in this case is to postpone the delivery of the fund to León until Reyes Jiménez' claim is decided on its merits. We are not anticipating any judgment on those merits. We confine ourselves to holding that the judgment entered in the previous case is not conclusive with respect to Reyes Jiménez' claim against León, as a result of the debts allegedly incurred in the construction of the works, and that appellant should be given an opportunity to establish the existence and validity of his alleged claim before any sum is delivered to León.

The judgment appealed from will be reversed and the case remanded to the Bayamón Part of the Superior Court for further proceedings not inconsistent with this opinion.